IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:08cr118

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>vs. )<br>)<br>)<br>DANIEL GUERRERO-LECO )<br>_____ ) | ORDER |

**THIS MATTER** is before the Court upon motion of the defendant to dismiss the indictment based on the recent Supreme Court decision in <u>District of Columbia v. Heller</u>, 128 S. Ct. 2783 (2008), (Doc. No. 10), and the government's response,[1] (Doc. No. 11).

The grand jury indicted the defendant for allegedly possessing an UZI 9 mm handgun while being an alien illegally and unlawfully in the United States, in violation of 18 U.S.C. § 922(g)(5). (Doc. No. 1: Indictment). The defendant claims that § 922(g)(5) impermissibly takes away his constitutional right to protect himself guaranteed by the Second Amendment and the Due Process Clause of the Fifth Amendment. (Doc. No. 10: Motion at 1). The Fourth Circuit previously rejected a Second Amendment challenge to § 922(g)(5). <u>United States v. Romero-Pina</u>, 166 F. App'x 34, 36 (4th Cir. 2006) (citing <u>United States v. Johnson</u>, 497 F.2d 548, 550 (4th Cir. 1974)). Because <u>Johnson</u> was decided based on a view that the Second Amendment only confers a collective right to bear arms in relation to the maintenance of a well-regulated militia, 497 F.2d

---

[1] The defendant's motion was filed on August 8, 2008. (Doc. No. 10). The rules of this District require the government to respond to potentially dispositive defense motions within seven days of being served. Local Criminal Rule 47.1(D), (E). On September 30, 2008, the government requested leave to file its response out of time. (Doc. No. 12). Finding no unfair prejudice to the defendant in considering the government's late response, the Court GRANTS the motion.

at 550, the Court will examine Heller to determine whether it protects the defendant from prosecution.

In Heller, the District of Columbia generally prohibited the possession of handguns and required lawfully owned firearms, such as registered long guns, to be kept unloaded and disassembled or trigger locked while in the home. Heller, 128 S. Ct. at 2788. After conducting extensive textual and historical analysis, the Supreme Court concluded that the D.C. regulations violated "the right of law-abiding, responsible citizens to use arms in defense of hearth and home" codified in the Second Amendment. Id. at 2821-22. As compared to a collective right relating to militias recognized in Johnson, the Court in Heller found an "individual right to possess and carry weapons in case of confrontation." Id. at 2797.

The Court cautioned that "nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons and the mentally ill, or laws forbidding the carrying of firearms in sensitive places such as schools and government buildings." Id. at 2816-17. These "presumptively lawful regulatory measures" were given only as examples and not an exhaustive list. Id. at 2817 n.26.

The defendant reads too much into Heller. The Supreme Court did not find that all individuals present in America are protected by the Second Amendment. Rather, the Court described that protection as belonging to American citizens[2] who "inherited [it] from our English

---

[2] Examples include: "we do not read the Second Amendment to protect the right of citizens to carry arms for *any sort* of confrontation," Id. at 2799 (emphasis in original); "this right was intended . . . and was guaranteed to, and to be exercised and enjoyed by the citizen," Id. at 2806 (quoting Andrews v. State, 50 Tenn. 165, 183 (1871)(ellipsis in original; internal quotation marks omitted)); "the Second Amendment does not protect those weapons not typically possessed by law-abiding citizens for lawful purposes," Id. at 2815-16; "[The District's requirement] makes it impossible for citizens to use [firearms in the home] for the core lawful purpose of self-defense and is hence unconstitutional," Id. at 2818.

ancestors." Id. at 2802 (quoting Robertson v. Baldwin, 165 U.S. 275, 281 (1897) (internal quotation marks omitted)).  Nothing in the opinion purports to extend the Second Amendment's protection to those outside the American political community like the defendant who allegedly entered and remained unlawfully in the country.  This inferior court will not read into Heller a more expansive right than recognized therein.

**IT IS, THEREFORE, ORDERED** that the defendant's motion is **DENIED**.

The Clerk is directed to certify copies of this order to the defendant, counsel for the defendant, and to the United States Attorney.

Signed: October 3, 2008

Robert J. Conrad, Jr.
Chief United States District Judge